RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE __08/10/05__
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LAWRENCE MICHAEL HARRISON | DOCKET NO. 1:04 CV 1952 |
| | SECTION P |
| VS. | JUDGE DEE D. DRELL |
| ROBERT TAPIA | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is an action filed by *pro se* Plaintiff, **LAWRENCE MICHAEL HARRISON** ("Plaintiff") pursuant to the Administrative Procedures Act. He is currently incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP Pollock"). Plaintiff was granted permission to proceed *in forma pauperis* on October 29, 2004. [Rec. Doc.5]. Plaintiff names Robert Tapia as defendant in the instant action. Plaintiff was not ordered to amend his complaint due to thoroughness of the original complaint.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF CLAIM

Plaintiff urges the Program Statement interpretations of 5265.10 and 5800.10. are actual or effective amendments subject to the "notice and comment" requirements and therefore violate the Administrative Procedures Act ("A.P.A."). Plaintiff asserts that he

1

should be able to send self addressed stamped envelopes ("SASE's") to the courts for return to Plaintiff and that these self addressed envelopes should be protected as legal mail because they are sent from the clerk of court. Plaintiff names as defendant warden Robert Tapia. As relief, Plaintiff seeks a permanent injunction prohibiting defendant from opening SASE's created by Plaintiff. [Rec. Doc. 1, p. 4].

**SCREENING**

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v.

McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must

accept plaintiff's allegations as true. <u>Horton v. Cockrell</u>, 70 F.3d 397, 400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

**LAW AND ANALYSIS**

**A. ADMINISTRATIVE PROCEDURES ACT**

The following provisions of 28 C.F.R. §540 provide the rules for legal mail that Plaintiff asserts are improperly interpreted by Program Statement 5265.10 and 5800.10. Plaintiff urges the Program Statement interpretations are actual or effective amendments subject to the "notice and comment" requirements and therefore violate the APA.

Jurisdiction to review this claim lies in 28 U.S.C. §1331, general federal question jurisdiction, as well as the Administrative Procedures Act ("A.P.A.") which gives the court power to review agency action that is arbitrary, capricious, otherwise not in accordance with law, or in excess of statutory jurisdiction or authority. See <u>Cousins v. Secretary of the United States Department of Transportation</u>, 880 F.2d 603, 608 (1st Cir. 1989). When agency action extends beyond the purvue of its delegated authority, or is arbitrary or capricious, the court must invalidate the agency action. <u>Succar v. Ashcroft</u>, 394 F.3d 8 (1st Cir. 2005).

The following are the sections of the Program Statement at

4

issue:

§ 540.18 Special mail.

(a) The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked "Special Mail--Open only in the presence of the inmate".

(b) In the absence of either adequate identification or the "special mail" marking indicated in paragraph (a) of this section appearing on the envelope, staff may treat the mail as general correspondence and may open, inspect, and read the mail.

§ 540.2 Definitions

(c) Special Mail also includes correspondence received from the following: President and Vice President of the United States, attorneys, Members of the U.S. Congress, Embassies and Consulates, the U.S. Department of Justice (excluding the Bureau of Prisons but including U.S. Attorneys), other Federal law enforcement officers, State Attorneys General, Prosecuting Attorneys, Governors, U.S. Courts (including U.S. Probation Officers), and State Courts. For incoming correspondence to be processed under the special mail procedures (see §§ 540.18-540.19), the sender must be adequately identified on the envelope, and the front of the envelope must be marked "Special Mail--Open only in the presence of the inmate".

§ 540.19 Legal correspondence.
(a) Staff shall mark each envelope of incoming legal mail (mail from courts or attorneys) to show the date and time of receipt, the date and time the letter is delivered to an inmate and opened in the inmate's presence, and the name of the staff member who delivered the letter. The inmate may be asked to sign as receiving the incoming legal mail. This paragraph applies **only if the sender has marked the envelope** as specified in § 540.18.

Program Statements are not subject to the "notice and comment" requirements of the APA. See Royal v. Tombone, 141, F.3d 596, 600 (5th Cir. 1998). Less formally produced regulations

5

such as program statements are internal agency guidelines, akin to interpretative rules that do not mandate notice and comment adherence. Id. at 600.; See also 5 U.S.C. §§ 553 (b)(A), (notice requirement does not apply "to interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice"); see also Reno v. Koray, 515 U.S. 50, 61 (1995)(Interpretations of BOP promulgated rules are not subject to the "notice and comment" requirements.) Program statements are promulgated internally and may be altered at will by the BOP. Jacks v. Crabtree, 114 F.3d 983, 985 (9th Cir. 1997). The Supreme Court has upheld the validity of interpretive rules. Shalala v. Guerney Memorial Hospital, 115 S.Ct. 1232, 1237 (1995) Bailey v. Sullivan 885 F.2d 52, 62 (3rd Cir. 1989).

Plaintiff urges the Program Statement interpretations of 5265.10 and 5800.10. are actual or effective amendments subject to the "notice and comment" requirements and therefore violate the Administrative Procedures Act ("A.P.A."). Plaintiff challenges the Warden's interpretation that allows mail to be opened by mail room staff outside of the presence of the inmate unless it is specially marked "legal mail". [Rec. Doc. 4, p.2]. Particularly, the Plaintiff asserts that he should be able to send self addressed stamped enveloped ("SASE's") to the courts for return to Plaintiff and that these self addressed envelopes should be protected as legal mail because they are sent from the

court. To clarify, the envelopes in question are: 1) created by the prisoners, 2) written in prisoner handwriting or typed, 3) included in correspondence to the courts so that information will be able to be returned to the prisoner, 4) and are identified **by the prisoner** as "legal mail" "not to be opened outside of the presence of inmate". The BOP contends that the regulation permitting this "legal mail" privilege only allows for mail to be classified as legal mail if the **sender** identifies the mail as proscribed above. Therefore the courts or attorneys sending the information would have to send the correspondence on identifiable letterhead of the courts or attorneys. The purpose behind this rule is to ensure no contraband etc. is entering the prison through the mail.

Plaintiff's claim fails on several grounds. First, a plain reading of the primary statute does not support Plaintiff's claim. It clearly reads that the sender must mark the envelope in order for the legal mail privilege to attach. In Plaintiff's case, it is not the sender, but the recipient who has previously marked the envelope. Plaintiff challenges the Warden's interpretation of the statute. Plaintiff asserts that he should be able to create the envelopes and send them to the Federal Clerks of Court, and upon their return claim a legal mail privilege. Plaintiff's assertions are against the plain reading of the statute.

Second, Plaintiff asserts that the Defendant has "amended BOP program statement 5265.10 and 5800.10 which amendment was arbitrary and capricious and failed to comply with the APA's 'notice and comment' procedures". [Doc. 1, p.2] This assertion has no merit. Program Statements are not subject to the "notice and comment" requirements of the APA. Plaintiff persists in mailing SASE's to the US Clerks of Court, and attempting to claim a legal mail privilege for a document he created and marked. This clearly is prohibited by the Program Statement. Even if the A.P.A. applied to the Program Statement, (it does not), Plaintiff has not stated a case that Program Statement is arbitrary, or capricious. Therefore, this claim should be dismissed as frivolous.

## B. RETALIATION FOR ACCESS TO COURTS

Additionally, Plaintiff alleges the defendant retaliated against Plaintiff by warning him that he would receive discipline if he persisted in violating prison rules. [Rec. Doc. 1, p.4]. To state a claim for retaliation under §§ 1983, a prisoner must demonstrate (1) the invocation of a constitutional right; (2) a defendant's intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act; and (4) causation; *i.e.*, but for the retaliatory motive, the complained-of incident would not have occurred. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir.1997). The prisoner must "produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred." ' Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995)

(quoting Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988). Thus, a prisoner must demonstrate more than his "mere personal belief" that he was the victim of retaliation. Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999).

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed .2d 72 (1977). This right "is founded on the due process clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." Wolff v. McDonnell, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts also is recognized as one aspect of the First Amendment right to petition the government for grievances. See California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S .Ct. 609, 611, 30 L.Ed.2d 642 (1972); Taylor v. Sterrett, 532 F.2d 462, 470-72 (5th Cir.1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. See Wolff, 94 S.Ct. at 2984; Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir.1993), cert. denied, 114 S.Ct. 1081 (1994). See also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir.1999) (access to court for prisoners "encompasses only a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement"). An inmate has a First Amendment right to file grievances against prison officials on his own behalf. See Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir.1996).

(quoting Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988). Thus, a prisoner must demonstrate more than his "mere personal belief" that he was the victim of retaliation. Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999).

Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 825, 97 S.Ct. 1491, 1496, 52 L.Ed .2d 72 (1977). This right "is founded on the due process clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." Wolff v. McDonnell, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts also is recognized as one aspect of the First Amendment right to petition the government for grievances. See California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510, 92 S .Ct. 609, 611, 30 L.Ed.2d 642 (1972); Taylor v. Sterrett, 532 F.2d 462, 470-72 (5th Cir.1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. See Wolff, 94 S.Ct. at 2984; Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir.1993), cert. denied, 114 S.Ct. 1081 (1994). See also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir.1999) (access to court for prisoners "encompasses only a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement"). An inmate has a First Amendment right to file grievances against prison officials on his own behalf. See Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir.1996).

This right is protected, however, only if the underlying claim is not frivolous. See Lewis v. Casey, 518 U.S. 343, 353 n. 3 (1996) ("Depriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.")

As a threshold matter, Plaintiff claims he is the victim of reprisals, there is no remedy for this assertion under the APA. Plaintiff has emphasized numerous times that this is not a civil rights complaint, but is a suit under the APA. Even if Plaintiff had brought a Bivens suit, his administrative remedies exhaust only that he was threatened with an incident report if he did not cease sending SASE's to the Clerks of Court. [Doc. 1, p.12] Threats of incident reports for prohibited conduct in which a prisoner persists are not reprisals. Incident reports for prohibited behavior are a part of regular prison discipline. Plaintiff has failed to satisfy even one prong of the test for retaliation because he has not articulated: (1) the invocation of a constitutional right; (2) a defendant's intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act; or (4) causation. There is no merit in Plaintiff's claim that he has a constitutional right to engage in behavior prohibited by prison rules, and then claim he is being retaliated against. Plaintiff's underlying claim is frivolous, and therefore, he fails to state a retaliation claim.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that all claims against the defendant be

**dismissed with prejudice** pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and(ii) as failing to state a claim upon which relief can be granted and frivolity.

**IT IS FURTHER RECOMMENDED** based on the above report and recommendation, Plaintiff's motion for a preliminary injunction is denied.

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except**

11

upon grounds of plain error.[1]

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 9th day of August, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).